

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASKARAN SINGH,<br><br>                Petitioner,<br><br>v.<br><br>PAMELA BONDI, et al.,<br><br>                Respondents. | Case No.:  26-cv-1985-RSH-MMP<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On March 27, 2026, petitioner Jaskaran Singh, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. The Petition brings four claims. In claims one and two, Petitioner alleges that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), but is instead subject to 8 U.S.C. § 1226(a), which allows for release on bond or other conditions. *Id.* ¶¶ 70-77. Based on this theory, claim one asserts a violation of the Immigration and Nationality Act, while claim two asserts a violation of the Administrative Procedure Act. In claim three, Petitioner argues that his detention violates the due process clause because he is neither a flight risk nor a danger to the community. *Id.* ¶¶ 78-82. In claim four, Petitioner alleges that Respondents acted in an arbitrary manner by violating 8 C.F.R. § 1236.1(g) and failing to "follow established, mandatory custody-determination procedures," citing *Moallin v.*

*Cangemi*, 427 F. Supp. 2d 908, 920-22 (D. Minn. 2006). *Id.* ¶¶ 83-84. Petitioner requests his immediate release, or in the alternative, a bond hearing.

On April 7, 2026, Respondents filed their return. ECF No. 5. Respondents take the position that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and is not entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* at 2. However, they acknowledge that courts in this district have repeatedly reached the opposite conclusion on facts similar to those presented here; and on that basis, Respondents do not oppose granting a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 3.

On April 7, 2026, Petitioner filed a reply. ECF No. 6. Petitioner argues that a bond hearing is an inadequate remedy for a due process violation. *Id.* at 5. Petitioner contends that "[t]he government deprived Petitioner of a significant, protected liberty interest without notice, without a hearing, and without any change in circumstances that would justify taking such a drastic action," and in doing so violated his procedural due process rights. *Id.* at 5-6. Petitioner argues that granting a bond hearing instead of release "would create a perverse incentive, permitting the government to arbitrarily seize and detain individuals at will, knowing the only consequence is a hearing they should have provided in the first place, if it all." *Id.* at 6.

The first two claims in the Petition argued that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a), and Respondents have now agreed to such a hearing. The Court will therefore grant the Petition and order an appropriate bond hearing.

Neither claim three nor claim four establishes Petitioner's entitlement to immediate release. In claim three, the Petition alleges that "[n]either community protection nor flight risk applies to the Petitioner, and therefore, the detention no longer bears a reasonable relation to the purpose for which it was committed." ECF No. 1 ¶ 80.[1] But this question—

---

[1] Claim three concludes: "Accordingly, Petitioner's continued detention, in the absence of removal authority and contrary to DHS's own findings, constitutes a deprivation

26-cv-1985-MMP-BLM

whether Petitioner's continued detention is warranted based on flight risk or community protection—is one that an immigration judge will determine at a bond hearing as ordered by this Court. Indeed, elsewhere in the Petition, after discussing at length the requirements of due process at a bond hearing, *id.* ¶¶ 31-47, Petitioner concludes, "[a]ccordingly, due process requires an individualized bond hearing under § 1226(a)," *id.* ¶ 47, which is what this Court is ordering. Petitioner cites no authority indicating that where a petitioner invokes the due process clause, it is the district court's role to make such a determination in the first instance. Claim three does *not* advance the distinct claim that Petitioner makes in his reply brief, that he was entitled by procedural due process to notice and a pre-termination hearing—a claim which Respondents have not had the opportunity to address.

Claim four, which Petitioner does not address in his reply brief, relies on a citation to a regulation, 8 C.F.R. § 1236.1(g), that does not appear to exist. Nor does the district court decision cited by Petitioner, *Moallin v. Cangemi*, establish his entitlement to any relief. At the pages cited by Petitioner, that decision discusses issues that are unrelated to this case.

//

//

//

//

//

//

//

//

//

//

of liberty without due process of law. The Court should order his release." *Id.* ¶ 82. However, claim three does not explain these references to the "absence of removal authority" or "contrary to DHS's own findings."

Accordingly, the Petition is **GRANTED** as follows. Respondents are directed to arrange a bond hearing for petitioner Jaskaran Singh before an immigration court pursuant to 8 U.S.C. § 1226(a) within ***seven (7) days*** of this order. At this hearing, the government bears the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight. The Court declines to order Petitioner's immediate release. To the extent Petitioner seeks to recover attorneys' fees, he must do so by way of a noticed motion conforming to the Civil Local Rules of this District as well as the undersigned's Pretrial Civil Procedures.

**IT IS SO ORDERED**.

Dated: April 8, 2026

_____
Hon. Robert S. Huie
United States District Judge

26-cv-1985-MMP-BLM